IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOUIS SINGLETON, JR.,              :
    Plaintiff,                        :
                                :
    v.                                :   CIVIL ACTION NO. 23-CV-1208
                                :
HARBOR FREIGHT MANAGER, *et al.*,  :
    Defendants.                       :

## MEMORANDUM OPINION

Plaintiff Louis Singleton, Jr., proceeding *pro se*, filed an Amended Complaint alleging claims of discrimination and seeks production of a video depicting his visit to and interactions with certain employees of the Harbor Freight store in Philadelphia on March 13, 2023.[1] Singleton seeks leave to proceed *in forma pauperis*. Because it appears that Singleton cannot afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss Singleton's Section 1983 claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. However, Singleton will be granted leave to file an amended complaint as to any claims dismissed without prejudice.

## I.    FACTUAL ALLEGATIONS

Singleton's allegations are brief. He asserts this civil action against the "Harbor Freight Manager" and "Security Person of 03-13-2023," indicating that both Defendants are located at the Harbor Freight store in Philadelphia with an address of 15 Snyder Avenue, Philadelphia, Pennsylvania. The Court understands Singleton to be asserting that he was "profiled, follow[ed],

---

[1] Singleton initiated this action by filing a one-page letter. (ECF No. 2). Although the letter was deficient as a formal complaint in several respects, the Clerk of Court treated the letter as his Complaint and opened this civil action. In an April 6, 2023 order, the Court directed Singleton to file an amended complaint that complies with the Federal Rules of Civil Procedure. (ECF No. 6). Singleton then filed his Amended Complaint, which was dated April 17, 2023 and docketed by the Clerk of Court on May 23, 2023. (ECF No. 9).

accused, [and] discriminated against" when he visited the Harbor Freight store on March 13, 2023. He further contends that he was "under-mind[ed] when addressing the Manager." Singleton seeks production of the "video(s) of [his] entrance to [his] exiting" of the Harbor Freight store.

Singleton further asserts that he is a mental health patient that has been diagnosed with depression, anxiety disorder, and dysthymia. Singleton alleges that as a result of this incident, he has been "stressed, depressed (a bit), and anxiously distressed to find out why [he] had been profiled, follow[ed], accused, [and] discriminated against."

## II.    STANDARD OF REVIEW

The Court will grant Singleton leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, *inter alia*, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see, e.g.*, *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Singleton is proceeding *pro se*, the Court construes his

allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

### A.   Federal Law Claims

#### 1.   Claims Under 42 U.S.C. § 1983

Singleton asserts that he was "profiled, follow[ed], accused, [and] discriminated against" while visiting the Harbor Freight store on March 13, 2023.  To the extent that Singleton intends to raise constitutional civil rights claims against the Defendants, the Court will construe his Amended Complaint to bring such claims pursuant to Section 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Whether a defendant is acting under color of state law—*i.e.*, whether the defendant is a state actor—depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).  Section 1983 does not apply to "merely private conduct, no matter how discriminatory or wrongful."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations and citation omitted).

Here, the Amended Complaint does not allege any facts to support an inference that there is a "close nexus" between the private efforts of the manager and/or security worker at Harbor Freight and the state itself such that the challenged action can fairly be treated as that of the state.

*See Leshko*, 423 F.3d at 339; *see also Rose v. Walmart Corp.*, 2022 WL 170640, at *6 (E.D. Pa. Jan. 19, 2022), *appeal dismissed*, 2022 WL 3593785 (3d Cir. June 16, 2022) ("District courts throughout the country have consistently found that private retail stores and the private security personnel they employ are not state actors for purposes of § 1983.") (listing cases).

Because Singleton has not plausibly alleged facts demonstrating that the "Harbor Freight Manager" and "Security Person of 03-13-2023" are state actors, any claims Singleton seeks to bring against them under Section 1983 will be dismissed with prejudice pursuant to Section 1915(e)(2)(B)(ii) for failure to state a claim.  Singleton will not be granted to leave to amend his Section 1983 claims as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110-11 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.").

### 2.    Claims Under 42 U.S.C. § 1981

Construing the Amended Complaint liberally, Singleton may also be attempting to assert a claim pursuant to 42 U.S.C. § 1981.[2]  Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C § 1981.  "To state a claim for violation of § 1981, a plaintiff must allege that 1) he is a member of a racial minority; 2) the defendant intentionally discriminated against the plaintiff on the basis of race; and 3) the discrimination negatively affected his ability to engage in one of the

---

[2] Unlike Section 1983, Section 1981 applies to private conduct.  *See Runyon v. McCrary*, 427 U.S. 160, 169 n.8 (1976) ("[Section] 1981 reaches private conduct."); *see also McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009) (explaining that Section 1983 provides "the exclusive remedy for violations of § 1981 by state actors").

protected activities, including formation of a contract." *Abdullah v. Small Bus. Banking Dep't of Bank of Am.*, 532 F. App'x 89, 90 (3d Cir. 2013) (*Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)).

Singleton's Amended Complaint does not state a plausible Section 1981 claim because he fails to state he is a member of a racial minority and makes only a conclusory allegation that Defendants discriminated against him, without any specific factual allegations offered in support. In an abundance of caution, the Court will grant Singleton leave to amend his Complaint to include a Section 1981 claim if he can plausibly establish that he "belongs to a racial minority" and the Defendants had the "intent to discriminate on the basis of race." *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 569 (3d Cir. 2002).

### B.    State Law Claims

Liberally construed, it is possible that Singleton intends to bring claims under Pennsylvania state law.  The Court, however, declines to exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367, having dismissed Singleton's federal claims.

Accordingly, the only independent basis for jurisdiction over any state law claims is 28 U.S.C. § 1332, which provides that a district court can exercise subject matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (internal quotations and citations omitted).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) ("[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely.").  A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  It is Plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939) ("The burden of showing by the admitted facts that the federal court has jurisdiction rests upon the complainants."); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972).

While Singleton appears to provide his address in Philadelphia, Pennsylvania and what may be a business address for Harbor Freight, he does not clearly allege the citizenship of himself or the Defendants.  Because the allegations do not explicitly assert the parties' citizenship for purposes of plausibly establishing diversity of citizenship, Singleton has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law claims he may be raising.  Additionally, Singleton does not allege that the amount in controversy exceeds the sum or value of $75,000.

Accordingly, to the extent that his Amended Complaint may be interpreted to raise state law claims, Singleton has failed to meet his burden to demonstrate that the Court may exercise subject matter jurisdiction.  Any state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Singleton's right to file a second amended complaint on these claims if he can establish a basis for the Court's jurisdiction.

IV.     CONCLUSION

For the foregoing reasons, the Court will grant Singleton leave to proceed *in forma pauperis* and dismiss his Amended Complaint.  Singleton's Section 1983 claims are dismissed with prejudice and without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Any Section 1981 or state law claims Singleton intends to assert are dismissed without prejudice, and he will be granted leave to file a second amended complaint if he so chooses.  An appropriate order follows.

BY THE COURT:

/S/WENDY BEETLESTONE, J.

_____
WENDY BEETLESTONE, J.