**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LOUIS SINGLETON, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-1208** |
| | : | |
| **HARBOR FREIGHT MANAGER,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW**, this 14th day of July, 2023, upon consideration of Plaintiff Louis Singleton, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 1), and Amended Complaint (ECF No. 9), **IT IS HEREBY ORDERED** that:

1.     Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.     The Amended Complaint is **DEEMED** filed.

3.     The Clerk of Court is **DIRECTED** to add "Harbor Freight Manager" and "Security Person of 3-13-2023" as Defendants.

4.     The Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

   a.   All federal constitutional claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.

   b.   All claims brought pursuant to 42 U.S.C. § 1981 are **DISMISSED WITHOUT PREJUDICE**.

   c.   All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

5.      Singleton may file a second amended complaint within thirty (30) days of the date of this Order as to any claims dismissed without prejudice.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Singleton's claims against each defendant.  The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim.  When drafting his second amended complaint, Singleton should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6.      The Clerk of Court is **DIRECTED** to send Singleton a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Singleton may use this form to file his second amended complaint if he chooses to do so.[1]

7.      If Singleton does not wish to amend and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir.

---

[1] This form is available on the Court's website at https://www.paed.uscourts.gov/documents/forms/frmcgenf.pdf.

1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8.     If Singleton fails to file any response to this Order, the Court will conclude that Singleton intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*); *Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).