IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS SINGLETON, JR.,<br>            Plaintiff,<br><br>      v.<br><br>HARBOR FREIGHT MANAGER, et al.,<br>            Defendants. | CIVIL ACTION<br><br><br><br><br>NO. 23-CV-1208 |

## MEMORANDUM OPINION

Plaintiff, Louis Singleton, Jr., proceeding *pro se*, makes claims of discrimination stemming from his visit to and interactions with certain employees of the Harbor Freight store in South Philadelphia. He initiated this action by filing a one-page letter. In that the letter was missing the standard formalities of a complaint, he was directed to file an Amended Complaint that complied with the requirements of the Federal Rules of Civil Procedure. He did so but his Amended Complaint was dismissed for failure to state a claim. Nevertheless, he was allowed a third attempt to set forth certain of his claims. He took up that opportunity and filed a Second Amended Complaint. Now, for the following reasons, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), his Second Amended Complaint will be dismissed with prejudice without further leave to amend.

I.      FACTUAL ALLEGATIONS[1]

Singleton alleges that the Defendants, "Harbor Freight Manager" and "Security Person of 3-13-2023," "profiled, follow[ed], accused, [and] discriminated against" him on one occasion when he visited the Harbor Freight store. He further asserts that he was "under-min[ed] when addressing the Manager." He also describes his psychological condition—a mental-health

---

[1] The factual allegations set forth here are taken from Singleton's Amended Complaint and Second Amended Complaint which are taken as true for the purposes of this motion.

patient diagnosed with depression, anxiety disorder, and dysthymia—and sets forth how, as a result of his being "profiled, follow[ed], accused, [and] discriminated against," he suffered stress, depression, anxiety, nervousness and shame.

The particulars of his allegations are that when he entered the Harbor Freight store he was followed but did not realize it "until some time after leaving the business." He also maintains that he was harassed over a product that he had "on [his] person inside of [his] jacket." The guard asked him to take it out, but Singleton refused because he "had no[ne] of their property." The guard left to speak to the store manager. The manager then disappeared and when he came back, gave the guard a signal to let Singleton go. Singleton states that at that time, he was placing the items he "came to purchase back on the shelves" while "the white customers looked [him] on." He left the store and went to the Philadelphia Mall to purchase the same items (for which he has a receipt). He asserts that he "got totally wet" and "lost the chance to do the work [he] bought the tools for."

## II.     STANDARD OF REVIEW

Since Singleton is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that his Second Amended Complaint be dismissed if it fails to state a claim. The question asked in deciding whether a complaint fails to state a claim is, all the facts alleged being taken as true, does it plausibly state a claim for legal relief? *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (The Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (quotations omitted). The facts alleged are read in a way that reveals potential legal claims and all reasonable inferences are drawn in the Plaintiff's favor. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Still, conclusory allegations do not suffice.

2

*Iqbal*, 556 U.S. at 678.  While, given the Plaintiff's *pro se* status, the allegations of his Second Amended Complaint are construed liberally, *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021), he is, nevertheless required to "allege sufficient facts . . . to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).  In other words, an unrepresented litigant "must abide by the same [procedural] rules that apply to all other litigants." *Id.*

### III. DISCUSSION

Singleton asserts that he was discriminated against, mistreated, and profiled "[be]cause of color."  Construing his allegations liberally, it appears that he is asserting a civil rights claim pursuant to 42 U.S.C. § 1981.  Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

"'To establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (*i.e.,* make and enforce contracts, sue and be sued, give evidence, *etc*.).'" *Singleton*, 2023 WL 4552891, at * 2.

Singleton did allege that he is a member of a racial minority, so he fulfills the first criterion of a Section 1981 claim.

But he has not sufficiently alleged that the Defendants had the intent to discriminate against him on the basis of race.  *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002).  "To state a claim for intentional discrimination, a plaintiff must do more than allege a series of unfortunate events and baldly allege that the defendants discriminated against him."

*Abdullah v. Small Bus. Banking Dep't of Bank of America*, No. 13-0305, 2013 WL 1389755, at *2 (E.D. Pa. Apr. 5, 2013).  But that is what Singleton has done here alleging in broad, conclusory terms that, as a person of color, he was harassed over a product that he had "on [his] person inside of [his] jacket" while "the white customers looked [him] on." *Id.* at 3.  Singleton's has failed to offer facts in support of his conclusory allegation of generalized racial bias, and has, accordingly, not satisfied the intent requirement of a Section 1981 claim.  *See Spence v. Caputo*, 2015 WL 630294, at *27 (W.D. Pa. Feb. 12, 2015) (dismissing Section 1981 and Section 1982 claims because plaintiff's claims were speculation and did not allege which of the enumerated rights under these sections were allegedly violated, which defendants were involved, the dates that any violations occurred, or allege any fact to show that any deprivation of the enumerated rights was racially motivated); *see also Davis v. Samuels*, 962 F.3d 105, 115-16 (3d Cir. 2020) (affirming dismissal on the merits of plaintiff's Section 1981 claim against federal defendants for failure to state a plausible claim of race discrimination).

Even if Singleton had sufficiently alleged an intentional act of discrimination based on his race, his Section 1981 claim would still fail because there is no plausible allegation that the discrimination concerned one or more of the activities enumerated in the statute (making or enforcing contracts, or the ability to bring or defend a lawsuit, or give evidence).  *Spence*, 2015 WL 630294, at *27

### IV.   CONCLUSION

Accordingly, Singleton's Second Amended Complaint will be dismissed for failure to state a claim.  Since this is his third failed try to adequately state a plausible claim, the conclusion must follow that any further attempt to amend would be futile and, hence, this matter will be dismissed with prejudice.  *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944

F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

An appropriate order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**